**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | |
|---|---|
| **JOHN BRYANT MULLEN,** | **Bankruptcy No. 14-20392-CMB** |
| **Debtor.** | **Chapter 7** |
| **MICHELLE L. MULLEN** | **Adv. No.:** |
| **Plaintiff,** | |
| vs. | |
| **JOHN BRYANT MULLEN,** | |
| **Defendant.** | |

**COMPLAINT OBJECTING TO DISCHARGE AND TO DETERMINE
NONDISCHARGEABILITY OF DEBT**

AND NOW, comes Michelle L. Mullen, the Plaintiff herein, by and through her undersigned counsel, and files the within COMPLAINT OBJECTING TO DISCHARGE AND TO DETERMINE NONDISCHARGEABILITY OF DEBT, and in support thereof, states as follows:

**FACTUAL BACKGROUND**

1. The Plaintiff is Michelle L. Mullen, a Creditor and interested party in the within Chapter 7 Bankruptcy Case.

2. The within Chapter 7 Case was commenced by the Debtor on January 31, 2014.

3. The Meeting of Creditors was conducted and closed on March 10, 2014.

4. Prior to the Petition Date, the Debtor and Movant were

involved in Divorce, support and equitable distribution Proceedings in the Court of Common Pleas of Allegheny County Pennsylvania at FD-03-000031.

5. The Plaintiff was awarded alimony pendente lite on April 3, 2014 in the amount of $5,059.00, plus payment of arrears in the amount of $10.00 per month. Arrears on said award were set at the amount of $49,190.11. A true and correct copy of the Order is attached hereto as **Exhibit A**.

6. The Court has recently entered an Order granting Plaintiff relief from stay to proceed with the pending equitable distribution proceedings.

7. Furthermore, the Plaintiff confessed judgment against the Debtor in the Court of Common Pleas at Docket Number GD-13-23426, in the amount of $371,800.00. A true and correct copy of the judgment by confession is attached hereto as **Exhibit B.**

## JURISDICTION AND VENUE

8. This Honorable Court has jurisdiction of this matter under 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157.

9. This adversary proceeding is brought in accordance with Rule 7001, *et. seq.*, of the Federal Rules of Bankruptcy Procedure and pursuant to 11 U.S.C. §523(a)(5)and (15), and 11 U.S.C. §727(a)(3), (4) and (5).

## **COUNT I**

### **11 .S.C. §523(a)(5) and (15)**

10. The preceding paragraphs are incorporated by reference, as if set forth at length herein.

11. 11 U.S.C. §523(a)(5) states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title [11 USCS § 727, 1141, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt—

(5) for a domestic support obligation;

12. 11 U.S.C. §523(a)(15) further excepts from discharge from any debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit."

13. As such, any domestic support obligations awarded to the Plaintiff, including any award for support, alimony, alimony pendente lite, arrears related to alimony pendent lite and equitable distribution against the Defendant are not subject to discharge.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an Order denying the Debtor a discharge of the debt he owes to the Plaintiff.

## **COUNT II**

## **11 U.S.C. §523(a)(2) and (6)**

14. The preceding paragraphs are incorporated by reference, as if set forth at length herein.

15. 11 U.S.C. §523(a)(2)(a) denies a discharge when money, property services or an extension of credit is obtained by false pretenses or false representations.

16. 11 U.S.C. §523(a)(6) denies a discharge from a debt arising from the willful and malicious injury by the debtor to another.

17. In June 2013, the Debtor, pursuant to an Order in the ongoing divorce proceedings, transferred his interest in three entities in which he owned an interest, namely Mullen Corp., Newport Business Institute Inc., and Nicolette Monet Inc., to the Plaintiff. *See Debtor's Statement of Financial Affairs 10.*

18. However, prior to the transfer, the Debtor committed the following acts which entirely devalued the companies. The actions of the Debtor included, but are not limited to:

    a. Intentionally failing to enroll students;

    b. Failure of the Debtor to participate in the operations of at least one of the schools run by the companies;

    c. Needlessly and substantially increasing the payroll of the companies to the point where the businesses could not sustain the added payroll obligations;

    d.  Paying Court Ordered payments to the Plaintiff out of the businesses, in violation of the Court's Order and causing serious cash management and accounting issues for the businesses;

    e.  Diverting substantial resources, including employees, funds and corporate opportunities for his own personal gain;

    f.  Removing substantial sums of cash from the companies and paying personal obligations, friends and relatives with the funds of the company;

    g.  Failing to pay the ongoing debt obligations of the companies despite the fact that they had sufficient funds to do so;

    h.  Electronically transferring funds from the companies' bank accounts in violation of a Court Order to make payments for himself or his personal expenses, which electronic transfers total over $50,000.00;

    i.  Diverting the cash value of life insurance proceeds paid for by the companies to his own accounts;

    j.  Obtaining an SBA loan for the companies but directed the proceeds to accounts which he controlled.

19. Said conduct allowed the Debtor to obtain money from the entities by false pretenses and representations.

20. Also, the Debtor, on at least one occasion, forged the Plaintiff's name to loan documents to obtain funds for his own personal use.

21. Furthermore, said conduct constitutes a willful and malicious injury to the Plaintiff, who essentially received corporate shells with a myriad of legal and financial issues.

22. Furthermore, the Debtor's conduct was done with the intent to harm the Plaintiff's interest in the entities and to ensure that she received no value from the entities.

23. Furthermore, on February 26, 2013, the Honorable Christine Ward of the Court of Common Pleas of Allegheny County found the Debtor in contempt of the Court's September 12, 2011 Order of Court. A true and correct copy of the February 26, 2013 Order of Court is attached hereto as **Exhibit C.**

24. The Court ordered that to purge himself of the contempt, the Debtor was required to comply with all of the terms of the Order of Court as well as remit payment to the Plaintiff in the amount of $83,500.00.

25. The determination of sanctions and the conditions for purging of contempt were established to uphold the dignity of the Court and the enforcement and compliance of Orders it issues.

26. As such, said sanctions award should be determined to be non-Dischargeable under 11 U.S.C. §523(a)(2)(a) and (6).

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an Order denying the Debtor a discharge of the debts he owes to the Plaintiff.

## **COUNT III**

## **11 U.S.C. §727(a) (2),(3), (4) and (5).**

27.　The preceding paragraphs are incorporated by reference, as if set forth at length herein.

28.　11 U.S.C §727 (a)(2), (3), (4) and (5) states that the Court shall grant the debtor a discharge, unless:

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
> 　(A) property of the debtor, within one year before the date of the filing of the petition; or
> 　(B) property of the estate, after the date of the filing of the petition;
>
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
>
> (4) the debtor knowingly and fraudulently, in or in connection with the case--
> 　(A) made a false oath or account;
> 　(B) presented or used a false claim;
> 　(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
> 　(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
>
> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

29.　Upon information and belief, the Plaintiff avers that the Debtor has

business interests outside of the United States, including the establishment of schools in the Ukraine and Russia, which he failed to disclose in his Bankruptcy Schedules or at the Meeting of Creditors conducted in this case.

30. Furthermore, the Plaintiff avers that the Debtor owns, controls, or has recently owned the following assets, which have not been disclosed in an effort to conceal the same:

    a. Stock in Keeley USA Incorporated, which is a corporation in which close family members of the Debtor also own an interest,

    b. A joint venture business arrangement between Newport Business Institute and two other corporations to start a for profit school in Russia and/or the Ukraine;

    c. An employment and/or business venture agreement between the Debtor and Blue Vase Consulting, Inc. and Blue Vase Global, LLC, to establish for profit schools;

    d. A business venture with Mt. Vernon Education Group, a post secondary school group, to supply business curriculums to their schools;

    e. A business venture for the establishment of a company to develop schools in the Ukraine and Russia;

    f. A business venture with his sister in a business called Logolab, which prints T-Shirts;

    g. A bank account in Nova Scotia which the Debtor admitted to Plaintiff that he opened in the fall of 2013.

31.     The Debtor, with the intent to hinder, defraud or delay a creditor and officer of the estate, has concealed various business interests he has, both inside and outside of the country, in violation of 11 U.S.C. §727(a)(2).

32.     The Debtor has concealed, destroyed or falsified this information, or otherwise failed to preserve this information, in violation of 11 §U.S.C. 727(a)(3).

33.     Furthermore, in his Schedules and by way of his testimony at the Meeting of Creditors, the Debtor knowingly and fraudulently gave a false oath regarding his business interests and financial condition in violation of in violation of 11 U.S.C. §727(a)(4)..

34.     Additionally, the Debtor has failed to adequately explain the loss of assets or the deficiency of assets to pay his liabilities, in violation of 11 U.S.C. §727(a)(5).

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an Order denying the Debtor a discharge.

        Respectfully submitted,

        */s/ Robert O Lampl*
        ROBERT O LAMPL
        PA I.D. #19809
        JOHN P. LACHER
        PA I.D. # 62297
        DAVID L. FUCHS
        PA I.D. # 205694
        Counsel for the Movant
        960 Penn Avenue, Suite 1200
        Pittsburgh, PA 15222
        (412) 392-0330 (phone)
        (412) 392-0335 (facsimile)
        Email:  rlampl@lampllaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | |
|---|---|
| **JOHN BRYANT MULLEN,** | **Bankruptcy No. 14-20392-CMB** |
| **Debtor.** | **Chapter 7** |
| **MICHELLE L. MULLEN** | **Document No.** |
| **Movant,** | |
| vs. | |
| **JOHN BRYANT MULLEN,** | |
| **Respondent.** | |

## CERTIFICATE OF SERVICE

I, Robert O Lampl, hereby certify that on the 6th day of May, 2014, a true and correct copy of the foregoing COMPLAINT OBJECTING TO DISCHARGE AND TO DETERMINE NONDISCHARGEABILITY OF DEBT was served upon the following, *(via Electronic Service or First-Class U.S. Mail):*

Office of the U.S. Trustee
1001 Liberty Avenue
970 Liberty Center
Pittsburgh, PA  15222

Natalie Lutz Cardiello
107 Huron Drive
Carnegie, PA 15106

John Eric Bumbaugh
Old Trail Professional Building
10526 Old Trail Road, Suite 1
North Huntingdon, PA 15642
Bumbaugh-Nicola@comcast.net

*/s/ Robert O Lampl*
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. # 62297
DAVID L. FUCHS
PA I.D. # 205694
Counsel for the Petitioning Creditor
960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com