IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

Date of Conference _____    Case No. FD 03-000031
Date of Hearing 3/19/14    File No. Pacses # 112114110
Counselor _____    Court Action Requested:
Hearing Officer: Patricia G. Miller    pet for APL

PLAINTIFF –    DEFENDANT –
Michelle Mullen    John Bryan Mullen
(Name)    (Name)
Margie Hammer, Esq    Joseph McCarthy, Esq
(Attorney)    (Attorney)

_____    _____
(Employer)    (Employer)

HEARING SUMMARY

Served: X _____    Served: X _____

Appeared for: ( ) Counseling    Appeared for: ( ) Counseling
          (X) Hearing Officer              (X) Hearing Officer
NET INCOME (income): $ 0    NET INCOME: $ 12,357  5 cap
OTHER HOUSEHOLD INCOME $ _____    OTHER HOUSEHOLD INCOME $ —
OTHER HOUSEHOLD MEMBERS: _____    OTHER HOUSEHOLD MEMBERS _____

ORDER SOUGHT FOR: Spouse X   Child(ren) No. ___   Age & Sex: _____
GUIDELINE (Based on Grid) $ _____    First Payment Due ___/___/___

RECOMMENDATIONS:
Retro to 7/10/13 deft shall pay APL of $5059/mo + $10/mo on arrears. Arrears issue to be revisited when equitable distribution has occurred. Arrears as of 4/3/14 are set at $49,190.11 pending a final determination of same at equitable distribution. Deft to pay $10/month on said arrears in the meantime.

PAYMENT SUMMARY:
APL/SUPPORT $ 5059
CHILD CARE _____
TUITION _____
ARREARS $ 10
TOTAL: _____

EXPLANATION (IF NEEDED)
→ See attached 4 page explanation

_____
Patricia G. Miller
Hearing Officer

( ) Copies hereof delivered to parties
(✓) Copies mailed to parties 4/3/14
                          date
NOTE: Any Exceptions must be filed within twenty (20) days. Pending resolution of Exceptions, parties must comply with recommendation.

# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

| | |
|---|---|
| MICHELLE MULLEN, | No. 03-000031-008 |
| PETITIONER | PACSES:# 112114110 |
| v. | EXPLANATION |
| JOHN BRYANT MULLEN, | |
| RESPONDENT. | |

PATRICIA G. MILLER
HEARING OFFICER
700 ½ CITY-COUNTY BLDG.
414 GRANT STREET
PITTSBURGH, PA 15219

Copies Sent To:

MARGIE HAMMER, ESQ.
LISA BENNINGTON, ESQ.
5528 WALNUT STREET
PITTSBURGH, PA 15219

JOSEPH MCCARTHY, ESQ.
900 FIFTH AVENUE 4TH FLOOR
PITTSBURGH, PA 15219

FD 03-000031-008

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**FAMILY DIVISION**

MICHELLE MULLEN,

    Petitioner

v.

JOHN BRYANT MULLEN, SR.,

    Respondent.

No. FD 03-000031-008

## EXPLANAITON

Before the court was wife's Petition for APL retroactive to July 10, 2013, other pending matters having been stayed pursuant to a March 4, 2014 Order of Court. The parties were married on May 24, 1986 and separated on September 2, 2008. They are not yet divorced. They are the parents of four adult emancipated children.

### A. HUSBAND'S NET INCOME/EARNING CAPACITY

Husband is currently age 54. He testified that he has not been employed since February 2013. He also testified that he did not seek employment in 2013 or the first two months of 2014. His earning capacity is hotly disputed. Although he did not assert a specific earning capacity, husband disagrees with wife's vocational expert, Celia Evans, who opined that husband's earning capacity is at least $232,067 per year based upon his education, training and experience (Exhibit 1).

1

FD 03-000031-008

He has not yet filed a tax return for 2013 but his 2012 tax return showed taxable income of $125,764 (Exhibit 15). Wife also offered credible evidence that husband's 2012 tax-free perquisites totaled $136,004 (Exhibit 3). Husband testified that some of the perquisites on Exhibit 3 for car payments were for the parties' children and that health insurance was for the whole family. That may be but, because he received them through his employment, they are perquisites to him and are thus part of his income.

That makes his total 2012 income $261,768 ($125,764 + $136,004). In view of the fact that husband has a **proven** ability to earn the earning capacity which Ms. Evans has assigned to him, the master accepts $232,067 as husband's earning capacity. His net is $12,537 per month as follows:

```
$232,967   gross
$- 61,896  federal tax * (MFS)
$-  7,124  state tax
$-  2,321  local tax
$- 10,284  Social Security/Medicare tax
$150,442   annual net earning capacity
$ 12,537   monthly net earning capacity
```

Federal Tax Calculation:

| | |
|---|---|
| $232,067 | gross income |
| $ 3,900 | one exemption |
| $- 6,100 | standard deduction (MFS) |
| $222,067 | taxable income |
| $ 61,896 | federal tax |

B. WIFE'S NET INCOME EARNING CAPACITY

Wife is currently age 58. She is a college graduate with a degree in consumer science. Except for intermittent employment in the family business, she has not

2

FD 03-000031-008

been employed since December of 1986. Wife has not sought employment since separation, it being her position that the litigation in this case is too time consuming. A February 26, 2013 court order provided that, within thirty days, husband was to pay wife $83,500 in delinquent rental payments (Exhibit 8).

Neither party asserted that wife had an earning capacity. That being so, the master does not assign one to wife and necessarily sets her income at 0.

C. APL

$12,537 husband's net earning capacity (100%)
$ 0 wife's net income (05)
$12,537 x 0.4 = $5,015

Wife is paying $44 per month for health insurance pursuant to the Affordable Care Act. Husband's 100% share is $44 bringing his total obligation to $5,059 per month.

Wife seeks an upward deviation because she owes $137,814 in counsel fees and her mortgage plus real estate taxes and homeowners insurance total $4,625 per month ($2,300 + $2,000 + $325). However, wife offered no budget or income tax return which would show her actual income stream from non-employment sources or her expenses. That being so, the evidence does not support an upward deviation.

D. CREDIT AGAINST ARREARS

This issue cannot be resolved until equitable distribution occurs because it has not yet been determined whether a lump sum of cash wife received is deemed to be an advance distribution to her (in which case it is not a credit against arrears) or

3

FD 03-000031-008

whether it is deemed to be an advance distribution to husband which he in turn paid over to wife (in which case that portion paid within the window of retroactivity could be a credit against arrears). That not withstanding, husband shall pay $10 per month on arrears set at $49,190.11 as of April 3, 2014 pending a final determination of same at equitable distribution.

*Patricia G. Miller*

Patricia G. Miller, Hearing Officer

4

In the Court of Common Pleas of ALLEGHENY County, Pennsylvania
FAMILY DIVISION

| | | |
|---|---|---|
| MICHELLE L. MULLEN | ) | Order Number: 03-00031 |
| Plaintiff | ) | PACSES Case Number: 112114110 |
| vs. | ) | |
| JOHN B. MULLEN | ) | Docket Number: 03-00031 |
| Defendant | ) | Other State ID Number: |

"Interim order shall become final within 20 days if no exceptions are filed"

### ORDER OF COURT - UNALLOCATED
○ Final   ○ Interim   ○ Modified

**AND NOW**, 3RD DAY OF APRIL, 2014, based upon the Court's determination that the Payee's monthly net income is $0.00 and the Payor's monthly net income [earning capacity] is $12,357.00, it is hereby ordered that the Payor pay to the Pennsylvania State Collection and Disbursement Unit Five thousand and sixty nine Dollars ($5,069.00) a month payable MONTHLY as follows: first payment due the 1st day of May, 2014 & the 1st of each & every month thereafater.  The effective date of the order is 07/10/13.

Arrears set at $49,190.11 as of APRIL 3, 2014 are due in full IMMEDIATELY.  All terms of this Order are subject to collection and/or enforcement by contempt proceedings, credit bureau reporting, tax refund offset certification, passport denial certification, driver's/ professional/recreational license revocation, interception of lottery winnings, and the freeze and seize of financial assets.  These enforcement/collection mechanisms will not be initiated as long as obligor does not owe overdue support.  Failure to make each payment on time and in full will cause all arrears to become subject to immediate collection by all the means listed above.

For the Support of:

| Name | Birth Date |
|---|---|
| MICHELLE L. MULLEN | 08/03/55 |

MULLEN v. MULLEN                                          PACSES Case Number: 112114110

The defendant owes a total of $5,069.00 per month payable MONTHLY; $5,059.00 for current support and $10.00 for arrears. The defendant must also pay fees/costs as indicated below.

Said money to be turned over by the Pa SCDU for distribution and disbursement in accordance with Rule 1910.17(d).

Payments must be made by check or money order. All checks and money orders must be made payable to Pa SCDU and mailed to:

> Pa SCDU
> P.O. Box 69110
> Harrisburg, Pa 17106-9110

Payments must include the defendant's PACSES Member Number or Social Security Number in order to be processed. Do not send cash by mail.

The monthly support obligation includes cash medical support in the amount of $250 annually for unreimbursed medical expenses incurred for each child and/or spouse as ordered herein. Unreimbursed medical expenses of the obligee or children that exceed $250 annually shall be allocated between the parties. The party seeking allocation of unreimbursed medical expenses must provide documentation of expenses to the other party no later than March 31st of the year following the calendar year in which the final medical bill to be allocated was received. The unreimbursed medical expenses are to be paid as follows: 0.00% by defendant and 100.00% by plaintiff.

☒ Plaintiff is ordered to provide medical insurance coverage.

☐

Within thirty (30) days after the entry of this order, the ☒ Plaintiff ☐ Defendant shall submit to the other party and to the Domestic Relations Section written proof that medical insurance coverage has been obtained or that application for coverage has been made. Proof of coverage shall consist, at a minimum, of: 1) the name of the health care coverage provider(s); 2) any applicable identification numbers; 3) any cards evidencing coverage; 4) the address to which claims should be made; 5) a description of any restrictions on usage, such as prior approval for hospital admissions, and the manner of obtaining approval; 6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and co-payments; and 8) five copies of any claim forms.

MULLEN v. MULLEN

PACSES Case Number: 112114110

Other Conditions:

Retro to 7/10/13 deft shall pay APL of $5,059/mo plus $10 on arrears of $49,190.11 set as of 4/03/14 pending a final determination of same at equitable distribution. Arrears issue to be revisited when equitable distribution has occurred. See attached PGM

Recommendation and Interim order mailed on 4/3/14 (aegd)

Defendant shall pay the following fees:

| Fee Total | Fee Description | Payment Frequency | |
|---|---|---|---|
| $ | for | Payable at $ | per |
| $ | for | Payable at $ | per |
| $ | for | Payable at $ | per |
| $ | for | Payable at $ | per |
| $ | for | Payable at $ | per |

MULLEN v. MULLEN                                PACSES Case Number: 112114110

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING, BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. A PARTY WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES. IF YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY (ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

ALL CHARGING ORDERS FOR SPOUSAL SUPPORT AND ALIMONY PENDENTE LITE, INCLUDING UNALLOCATED ORDERS FOR CHILD AND SPOUSAL SUPPORT OR CHILD SUPPORT AND ALIMONY PENDENTE LITE, SHALL TERMINATE UPON DEATH OF THE PAYEE.

A MANDATORY INCOME ATTACHMENT WILL ISSUE UNLESS THE DEFENDANT IS NOT IN ARREARS IN PAYMENT IN AN AMOUNT EQUAL TO OR GREATER THAN ONE MONTH'S SUPPORT OBLIGATION AND (1) THE COURT FINDS THAT THERE IS GOOD CAUSE NOT TO REQUIRE IMMEDIATE INCOME WITHHOLDING; OR (2) A WRITTEN AGREEMENT IS REACHED BETWEEN THE PARTIES WHICH PROVIDES FOR AN ALTERNATE ARRANGEMENT.

UNPAID ARREARAGE BALANCES MAY BE REPORTED TO CREDIT AGENCIES. ON AND AFTER THE DATE IT IS DUE, EACH UNPAID SUPPORT PAYMENT SHALL CONSTITUTE, BY OPERATION OF LAW, A JUDGMENT AGAINST YOU, AS WELL AS A LIEN AGAINST REAL PROPERTY.

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order, payor may be arrested and brought before the Court for a Contempt hearing; payor's wages, salary, commissions, and/or income may be attached in accordance with law; this Order will be increased without further hearing by 25% a month until all arrearages are paid in full. Payor is responsible for court costs and fees.

Copies delivered to parties BY MAIL.
                              Date

Consented:

_____          _____
Plaintiff                            Plaintiff's Attorney


_____          _____
Defendant                            Defendant's Attorney

                                     **BY THE COURT:**

_____          _____
3RD DAY OF APRIL, 2014               KIM BERKELEY CLARK
                        Date                                Judge

**In the Court of Common Pleas of ALLEGHENY County, Pennsylvania**

COURT OF COMMON PLEAS

FAMILY DIVISION, ADULT SECTION, 440 ROSS STREET, PITTSBURGH, PA. 15219

| Phone: (412) 350-5600 | APRIL 3, 2014 | Fax: (412) 350-5599 |
|---|---|---|

HAMMER MARGIE
LIEBER HAMMER
5528 WALNUT ST
PITTSBURGH PA 15232-2312

RECEIVED
APR 0 4 2014
LIEBER HAMMER HUBER
& BENNINGTON, P.C.

## Distribution Cover Letter

Plaintiff Name:     MICHELLE L. MULLEN
Defendant Name:   JOHN B. MULLEN
PACSES Case Number: 112114110

Please note: All correspondence must include the PACSES Case Number.

Dear HAMMER MARGIE

Please note the attached document and/or correspondence. This information is being sent to update you on the above captioned case.

Sincerely,


PH ESTABLISH TEAM


Service Type M

Form CM-520
Worker ID 02153