IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MICHELLE MULLEN, | CIVIL DIVISION |
| Plaintiff, | NO. GD-13- 23426 |
| v. | |
| J. BRYANT MULLEN, an individual, | **COMPLAINT FOR CONFESSION OF JUDGMENT** |
| Defendant. | |
| | Filed on behalf of: |
| | Michelle Mullen, Plaintiff |
| | Counsel of Record for Michelle Mullen: |
| | MARGIE HAMMER, ESQUIRE<br>PA I.D. 22087 |
| | LIEBER HAMMER HUBER &<br>BENNINGTON, P.C.<br>5528 Walnut Street, 2nd Floor<br>Pittsburgh, PA 15232-2312 |
| | (412) 687-2231 |

OPS$TBARR01
12-16-2013  03:01:55
GD-13-023426

N.S. 12/16/13

**EXHIBIT B**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MICHELLE MULLEN, | CIVIL DIVISION |
| Plaintiff, | NO. GD-13- |
| v. | |
| J. BRYANT MULLEN, | |
| Defendant. | |

## COMPLAINT FOR CONFESSION OF JUDGMENT

AND NOW comes Plaintiff, Michelle Mullen, by and through her undersigned counsel, and state as follows:

1. Plaintiff Michelle Mullen is an adult individual who resides in Allegheny county, Pennsylvania, at 907 Woodland Avenue, Oakmont, PA 15139.

2. Defendant J. Bryant Mullen is an adult individual who resides in Allegheny County, Pennsylvania, at 420 7th Street, Oakmont, PA 15139.

3. On January 24, 2013, Defendant, for value received, executed and delivered to Plaintiff a note in the principal amount of $303,000.00. A true and correct copy of the note is attached as "Exhibit A."

4. Michelle Mullen is a Holder of the aforesaid Note.

5. Judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

6. No judgment has previously been entered on ths note.

7. The note is in default by reason of the demand made by Michelle Mullen, one of the Holders of the Note, pursuant to terms of the Note. A copy of the demand is attached hereto as

"Exhibit B."

8. Pursuant to the terms of the note, there is payable to Plaintiff the sum of THREE HUNDRED SEVENTY ONE THOUSAND AND EIGHT HUNDRED ($371,800.00) DOLLARS computed as follows

| | | |
|---|---|---|
| a. | outstanding principal balance: | $303,000.00 |
| b. | liquidated damages: | $35,000.00 |
| c. | Plaintiff's counsel fees of 10% as provided in the note: | $33,800.00 |
| | TOTAL: | $371,800.00 |

WHEREFORE, Plaintiff demands that judgment be entered against Defendant in the sum of THREE HUNDRED SEVENTY ONE THOUSAND AND EIGHT HUNDRED ($371,800.00) DOLLARS as authorized by the warrant of attorney appearing in the note.

Respectfully Submitted,

LIEBER HAMMER HUBER
& BENNINGTON, P.C.

_____
MARGIE HAMMER, ESQUIRE
PA I.D. 22087

5528 Walnut Street
Pittsburgh, PA 15232

(412) 687-2231

Attorney for Plaintiff, Michelle Mullen

# PROMISSORY NOTE

$303,000.00                                                                                            January 24, 2013

FOR VALUE RECEIVED, the undersigned, J. BRYANT MULLEN (hereinafter referred to as "Maker"), hereby promises to pay to the order of the three businesses owned by J. BRYANT MULLEN and MICHELLE L. MULLEN, (hereinafter referred to as "Holders") the sum of Three Hundred Three Thousand Dollars and 0/100 ($303,000.00), without interest. The three businesses are Newport Business Institute (a/k/a Mullen Corp.), Lower Burrell, PA, Newport Business Institute (a/k/a NBI, Inc.), Williamsport, PA, and Nicolette Monet, Inc. d/b/a Oakbridge Academy of Art, Lower Burrell, PA.

Payment shall be in lawful money of the United States of America on demand by either Holder at the office of the Holders at 945 Greensburg Road, Lower Burrell, Pennsylvania, 15068, or at such other place as the Holder(s) hereof shall designate in writing.

The entire unpaid principal amount of this Note and all accrued interest hereon shall immediately become due and payable without demand or other notice upon the occurrence of any one or more of the following events:

(a) The closing for the sale of Newport Business Institute a/k/a NBI, Inc., Williamsport, PA, if the Holders agree do to so.

(b) A proceeding in bankruptcy, or for reorganization of the Maker or any guarantor or endorser, or for the readjustment of any of his debts, under the federal Bankruptcy Code, as amended, or any part thereof, or under any other laws, whether state or federal, for the relief of debtors, now or hereafter existing, shall be commenced by the Maker or any guarantor or endorser, or shall be commenced against the Maker or any guarantor or endorser and shall not be discharged within thirty (30) days of their commencement.

(c) A judgment creditor of the Maker or any guarantor or endorser shall obtain possession of any assets of the Maker or any guarantor or endorser by any


EXHIBIT A

means, including, without limitation, levy, distraint, replevin or self-help.

(d) The validity or enforceability of this Note shall be contested by the Maker or any guarantor or endorser, or the Maker or any guarantor or endorser shall deny that he has any or further liability or obligation hereunder.

Presentment, demand for payment, notice of dishonor, protest and notice of protest are hereby waived by the Maker.

The Maker hereby promises to pay all taxes (except income taxes) levied or assessed upon the principal amount hereof against any Holder of this Note and all costs, including attorneys' fees, incurred in the collection of this Note or other proceedings to otherwise enforce or protect this Note or any security therefor.

No course of dealing between the Maker and the Holders hereof shall operate as a waiver of any right of such Holders, and no delay on the part of any Holder hereof in exercising any right hereunder shall operate as a waiver thereof.

**AT ANY TIME WHEN AN EVENT OF DEFAULT HAS OCCURRED AND IS CONTINUING, THE MAKER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY, PROTHONOTARY OR CLERK OF ANY COURT OF RECORD WITHIN THE COMMONWEALTH OF PENNSYLVANIA OR ELSEWHERE TO APPEAR FOR THE MAKER IN SUCH COURT IN AN APPROPRIATE ACTION THERE BROUGHT OR TO BE BROUGHT AGAINST THE MAKER AT THE SUIT OF THE HOLDERS AND, WITH OR WITHOUT COMPLAINT OR DECLARATION FILED, CONFESS OR ENTER JUDGMENT, OR A SERIES OF JUDGMENTS, AGAINST THE MAKER IN FAVOR OF THE HOLDERS, AS OF ANY TERM OR TIME, FOR ALL SUMS DUE BY THE MAKER TO THE HOLDERS UNDER THIS NOTE, MINUS PAYMENTS MADE, TOGETHER WITH COSTS OF SUIT,**

LIQUIDATED DAMAGES OF THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) AND AN ATTORNEY'S COMMISSION EQUAL TO 10% OF THE SUMS DUE, ON WHICH JUDGMENT OR JUDGMENTS ONE OR MORE EXECUTIONS MAY ISSUE FORTHWITH. FOR SO DOING, THIS NOTE OR A COPY HEREOF VERIFIED BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT. THE MAKER HEREBY IRREVOCABLY WAIVES AND RELEASES ALL ERRORS IN SAID PROCEEDINGS AND IN THE ENTRY OF ANY JUDGMENT RESULTING THEREFROM, STAY OF EXECUTION, THE RIGHT OF INQUISITION AND EXTENSION OF TIME OF PAYMENT. THE AUTHORIZATION TO CONFESS JUDGMENT GRANTED HEREIN SHALL NOT BE EXHAUSTED BY AN EXERCISE THEREOF BUT MAY BE EXERCISED FROM TIME TO TIME AND AT ANY TIME AS OF ANY TERM OR TIME AND FOR ANY AMOUNT AUTHORIZED HEREIN UNTIL THE HOLDERS SHALL HAVE RECEIVED PAYMENT IN FULL OF ALL SUCH AMOUNTS. THE MAKER EXPRESSLY AUTHORIZES THE ENTRY OF REPEATED JUDGMENTS UNDER THIS PARAGRAPH NOTWITHSTANDING ANY PRIOR ENTRY OF JUDGMENT IN THE SAME OR ANY OTHER COURT FOR THE SAME OBLIGATION OR ANY PART THEREOF. THE MAKER FURTHER EXPRESSLY AUTHORIZES THE HOLDERS TO EXECUTE ON ANY JUDGMENT OBTAINED AS PROVIDED ABOVE BY ANY LEGAL MEANS, INCLUDING WITHOUT LIMITATION BY SEIZING THE MAKER'S PROPERTY.

THE MAKER EXPRESSLY ACKNOWLEDGES THAT THIS IS A COMMERCIAL TRANSACTION, THAT THE FOREGOING PROVISION FOR CONFESSION OF JUDGMENT HAS BEEN READ, UNDERSTOOD AND

VOLUNTARILY AGREED TO BY THE MAKER AND REVIEWED WITH THE MAKER'S COUNSEL AND THAT BY AGREEING TO SUCH PROVISION THE MAKER IS WAIVING IMPORTANT LEGAL RIGHTS, INCLUDING ANY RIGHT TO NOTICE OR A HEARING WHICH MIGHT OTHERWISE BE REQUIRED BEFORE ENTRY OF JUDGMENT HEREUNDER, THE EXECUTION ON ANY SUCH JUDGMENT OR THE SEIZING OF THE MAKER'S PROPERTY IN CONNECTION WITH ANY SUCH EXECUTION.

This Note shall be governed by and construed in accordance with the Laws of the Commonwealth of Pennsylvania (not including the rules governing choice of laws).

IN WITNESS WHEREOF, the Maker has executed this Note of the date first above writing.

By: _____
    J. Bryant Mullen, Maker

IN WITNESS WHEREOF, I have signed this Note on the day and year first above written.

WITNESS:

_____    __Margie Hammer__
      (Signature)                      (Print Name)

## ACKNOWLEDGMENT

On this __24^th__ day of __January__, 2013, before me, a Notary Public, the undersigned officer, personally appeared J. Bryant Mullen, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledge that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Marilyn C. Van Ormer_
Notary Public

My Commission Expires: June 20, 2015

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Marilyn E. Van Ormer, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires June 20, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

November 1, 2013

**VIA EMAIL: Jmullen907@aol.com
and REGULAR MAIL**

J. Bryant Mullen
420 Seventh Street
Oakmont, PA 15139

and

J. Bryant Mullen
c/o Newport Business Institute (a/ka Mullen Corporation)
945 Greensburg Road
Lower Burrell, PA 15068

RE:   Promissory Note

Dear Bryant:

Pursuant to the terms of the Promissory Note you executed on January 24, 2013, I am herein demanding that you immediately pay $303,000.00 to the three schools. I have attached a copy of the Note for your reference.

_____
Michelle L. Mullen

cc:   Joseph F. McCarthy, III, Esquire (via email only)
      Dennis F. Cline, Esquire (via email only)


EXHIBIT B

## VERIFICATION

I, MARGIE HAMMER, ESQUIRE, attorney for the within Plaintiff, MICHELLE MULLEN, verify that the facts set forth in the foregoing Complaint for Confession of Judgment are true and correct and that the exhibits attached to the complaint are true and correct copies of the originals.

I understand that the false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, related to unsworn falsifications to authorities.

Date: 12/16/13

_Margie Hammer, Esquire_

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MICHELLE MULLEN, | CIVIL DIVISION |
| Plaintiff, | NO. GD/3-734-26 |
| v. | |
| J. BRYANT MULLEN, | **CONFESSION OF JUDGMENT** |
| Defendant. | |

Filed on behalf of:

Michelle Mullen, Plaintiff

Counsel of Record for Michelle Mullen:

MARGIE HAMMER, ESQUIRE
PA I.D. 22087

LIEBER HAMMER HUBER &
BENNINGTON, P.C.
5528 Walnut Street, 2nd Floor
Pittsburgh, PA  15232-2312

(412) 687-2231

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MICHELLE MULLEN, | CIVIL DIVISION |
| Plaintiff, | NO. GD |
| v. | |
| J. BRYANT MULLEN, | |
| Defendant. | |

### CONFESSION OF JUDGMENT

Pursuant to the authority contained in the warrant of attorney in the note, a true and correct copy of which is attached to the complaint for confession of judgment filed in this action, I appear for the Defendant and confess judgment in favor of the Plaintiff and against the Defendant in the following amount:

| | | |
|---|---|---|
| a. | outstanding principal balance: | $303,000.00 |
| b. | liquidated damages: | $35,000.00 |
| c. | Plaintiff's counsel fees of 10% as provided in the note: | <u>$33,800.00</u> |
| | TOTAL: | $371,800.00 |

Date: December 16, 2013

LIEBER HAMMER HUBER
& BENNINGTON, P.C.

_____
MARGIE HAMMER, ESQUIRE
PA I.D. 22087

5528 Walnut Street, 2nd Floor
Pittsburgh, PA  15232-2312
(412) 687-2231

Attorney for Plaintiff, Michelle Mullen

2

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

NOTICE OF ORDER, DECREE OR JUDGMENT                                Rule236

Plaintiff(s)

MICHELLE MULLEN

Case Number: GD-13-23406

Vs

Defendant(s)

J. BRYANT MULLEN

---

To: ☐ Plaintiff  ☑ Defendant  ☐ Garnishee  ☐ Additional Defendant

You are hereby notified that the following Order, Decree or Judgment has been entered against you on _____.

☐ Decree Nisi in Equity.
☐ Final Decree in Equity.
☑ Judgment of  ☑ Confession  ☐ Verdict  ☐ Court Order  ☐ Default  ☐ Non-Suit
                ☐ Non-Pros  ☐ Arbitration Award
☑ Judgment in the amount of $ 371,800.00 _____, plus costs.
☐ District Justice Transcript of Judgment in the amount of $ _____, plus costs.
☐ If not satisfied with sixty (60) days, your motor vehicle operator's license will be suspended by the Pennsylvania Department of Transportation.

**Director, Department of Court Records, Civil/Family Division**

By _____
         Deputy

If you have any questions concerning the above, please contact:
Name/Address/Telephone Number of (Attorney/FilingParty)

Margie Hammer, Esquire
Lieber Hammer Huber & Bennington, P.C.
5528 Walnut Street, 2nd Floor
Pittsburgh, PA 15232-2312
(412) 687-2231